FILED
AUG 0 5 2005
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

*****************************************************************************

HERMAN SCHUMACHER, MICHAEL P. CALLICRATE, and ROGER D. KOCH,

Plaintiffs,

-vs-

TYSON FRESH MEATS, INC., EXCEL CORPORATION, SWIFT BEEF COMPANY, and NATIONAL BEEF PACKING COMPANY, L.L.C.,

Defendants.

CIV 02-1027

ORDER AND OPINION

*****************************************************************************

The parties to this action disagree as to what the Court earlier instructed as to notices to be furnished to potential class members and as to forcing compliance by custom feedlots. The potential class members are people who sold cattle to one or more of the defendants between April 2, 2001, and May 11, 2001. Some potential class members sold cattle through custom feedlots. The Court directed that custom feedlots were to either provide the notice of class action directly to their customers who were potential class members or to provide the names and addresses of the customers and potential class members to plaintiffs so that plaintiffs could provide the notice. The feedlots were entitled to be reimbursed by plaintiffs for the expenses of mailing any notices.

Apparently, 1,469 custom feedlots throughout the United States were at issue. Of that number, 235 have notified their customers of the class notice, 63 have furnished names and addresses of their customers to plaintiffs, 221 did not have customers who were potential class members, and 24 feedlots in Kansas were notified by the Kansas Livestock Association, resulting in the class notice going to 781 potential class members in Kansas.

This leaves 926 feedlots to whom the mailing was made but who made no response. This is totally unacceptable. The notice provided to all custom feedlots included a directive that "**the**

**Court has directed plaintiffs to serve you with a subpoena that will require you to provide name and address information.**" This is part of a court Order entered on March 14, 2005.

It is and was the intention of the Court to require exactly what is set forth above. There should be no confusion about this. If the custom feedlots (who are still in business) want to avoid the expense and the inconvenience of appearing at a deposition to produce records, they should comply with the request for action. They should either mail the notice to the possible class members who were their customers during the applicable time frame or furnish the names and addresses to plaintiffs so that plaintiffs can provide the notice. That is simple enough. Compliance is required by Fed.R.Civ.P. 23(c)(2)(B).

Plaintiffs should proceed promptly as directed above. They shall again contact the custom feedlots who ignored the first mailing. As to any custom feedlot who fails to comply within 20 days of the mailing of the notice and request, plaintiffs are directed to proceed with the drafting and serving of a subpoena duces tecum to obtain the records. This is to be accomplished forthwith.

Now, therefore,

IT IS ORDERED, as follows:

1) The plaintiffs and their attorneys shall proceed as directed above and in the manner directed above.

2) The plaintiffs and their attorneys shall promptly report to the court in writing the results of the additional efforts to obtain names and addresses or to provide notice to potential class members.

Dated this 5th day of August, 2005.

BY THE COURT:

Charles B. Kornmann

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J. Gaspke
DEPUTY
(SEAL)