

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| HERMAN SCHUMACHER, MICHAEL P. CALLICRATE, and ROGER D. KOCH, | \* \* \* \* | CIV 02-1027 |
|  | \* |  |
| Plaintiffs, | \* | |
|  | \* | OPINION AND ORDER |
| -vs- | \* |  |
|  | \* |  |
| TYSON FRESH MEATS, INC., CARGILL MEAT SOLUTIONS CORPORATION, d/b/a EXCEL CORPORATION, and SWIFT BEEF COMPANY, | \* \* \* \* | |
|  | \* |  |
| Defendants. | \* | |
|  | \* |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**KORNMANN, U.S. DISTRICT JUDGE**

The court previously issued an opinion and order (Doc. 1050). I stated, *inter alia*, as follows, beginning on page three: "The court could have proceeded *sua sponte* to grant a new trial on the issue of damages only. Fed.R.Civ.P. 59(d). The time to do so has passed." Such statements of the court were in error since no final judgment had been issued. Tyson filed a motion (Doc. 1052) to alter or amend the judgment or, in the alternative, to clarify the present status of the litigation. I responded informally with a memorandum on September 10, 2006, acknowledging the erroneous statement of the law by the court. The motion of Tyson should be granted to formally acknowledge the error.

Letters have been received from counsel. No formal motion for a Rule 54(b) certification has been made. I have considered the question of a certification. *Sua sponte*, the certification should be ordered. As to the jury awards, the amounts awarded against each of the remaining defendants, the Opinion and Order (Doc. 1050), as corrected herein, the rulings made by the court during the course of the trial and prior to trial, there is no just reason for delay and the court should expressly direct the entry of a final judgment as to all such issues. This would leave for

later determination questions of qualifying class members, claims for compensation to all class members, issues as to attorney fees and costs, and any other issues not resolved by the entry of a final judgment.

Now, therefore,

IT IS ORDERED, as follows:

1) The erroneous language referred to above from Doc. 1050 is stricken and held for naught as an erroneous statement of the law. The motion of Tyson (Doc. 1052) is granted to accomplish this correction.

2) Pursuant to Fed.R.Civ.P. 54(b), there is no just reason for delay and the court expressly directs, pursuant to this Order and Opinion, the entry by the clerk of a final judgment as to some of the claims of the parties, namely as to liability of the remaining defendants to the class, amounts of damages awarded against each defendant, the total amount of damages which may be available to the class members who ultimately qualify as class members, the holdings in the Opinion and Order (Doc. 1050) (as corrected in paragraph one above), and the rulings made by the court during the course of the trial and prior to trial.

3) The final judgment against Swift Beef Company ("Swift") is in the amount of $2,250,000.00 in favor of the plaintiff class previously certified by the court, which class consists of persons and business organizations that owned any interest in cattle that were intended for slaughter and who sold or permitted the sale of such cattle (excluding culled dairy and culled beef cows and bulls) to Swift on the open spot cash cattle market, or on a basis affected by that market, between April 2, 2001, to and including May 11, 2001, excluding those persons and business organizations who elected to opt out of the class as identified on exhibits A and B to plaintiffs' report on timely and untimely opt-outs by class members, filed on December 1, 2005, as Doc. 500.

4) The final judgment against Tyson Fresh Meats, Inc. ("Tyson") is in the amount of $4,000,000.00 in favor of the plaintiff class previously certified by the court, which class consists of persons and business organizations that owned any interest in cattle that were intended for slaughter and who sold or permitted the sale of such cattle (excluding culled dairy and culled beef cows and bulls) to Tyson on the open spot cash cattle market, or on a basis affected by that

2

market, between April 2, 2001, to and including May 11, 2001, excluding those persons and business organizations who elected to opt out of the class as identified on exhibits A and B to plaintiffs' report on timely and untimely opt-outs by class members, filed on December 1, 2005, as Doc. 500.

5) The final judgment against Cargill Meat Solutions Corporation, d/b/a/ Excel Corporation ("Excel"), is in the amount of $3,000,000.00 in favor of the plaintiff class previously certified by the court, which class consists of persons and business organizations that owned any interest in cattle that were intended for slaughter and who sold or permitted the sale of such cattle (excluding culled dairy and culled beef cows and bulls) to Excel on the open spot cash cattle market, or on a basis affected by that market, between April 2, 2001, to and including May 11, 2001, excluding those persons and business organizations who elected to opt out of the class as identified on exhibits A and B to plaintiffs' report on timely and untimely opt-outs by class members, filed on December 1, 2005, as Doc. 500.

6) Remaining for later determination would be questions of who qualifies as a class member, claims for compensation as to each class member,  issues as to attorney fees and costs, and any other issues not resolved by the entry of a final judgment.

Dated this _14th_ day of February, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                          DEPUTY
(SEAL)

3