

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| HERMAN SCHUMACHER, MICHAEL P. CALLICRATE, and ROGER D. KOCH, | \* \* \* \* | CIV 02-1027 |
| Plaintiffs, | \* \* | |
| -vs- | \* \* | ORDER AND OPINION |
| TYSON FRESH MEATS, INC., CARGILL MEAT SOLUTIONS CORPORATION, d/b/a EXCEL CORPORATION, and SWIFT BEEF COMPANY, | \* \* \* \* \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs filed a motion (Doc. 1125) seeking district court review of the taxation of certain costs by the clerk of this court and furnished a memorandum in support of their objections. (Doc. 1126). Tyson has responded. Plaintiffs have responded. The court has considered all the files and records. The motion should be granted in part and denied in part.

The court is required to exercise is own discretion and will do so. There is a certain amount of inequity as to taxing any costs, given the nature of this case. This entire case presented a case of first impression in the United States. The United States Court of Appeals for the Eighth Circuit could well have affirmed the rulings of the trial court, given the unsettled nature of the issues presented. The statutory language was poorly written and offered little guidance to the courts. All attorneys and judges involved in this case struggled to reach the correct result under the law.

Tyson has failed to meet its initial burden to show both reasonableness and necessity as to some of the disallowed items. Tyson had submitted electronic data that was confusing and which required depositions to attempt to explain the data. Plaintiffs should not be punished for such problems. This relates to four depositions.

Three depositions were of experts identified by Tyson, none of whom were called to testify. Another three depositions were of fact witnesses employed by defendants other than Tyson, all of whom testified live at the trial.

Tyson claims plaintiffs served their motion late, namely within the time frame allowed by the local rules of the District of South Dakota (D.S.D.LR 54.1 (A) but outside the time limits allowed by Fed.R.Civ.P. 54 (d). The local rules allow seven business days to object and the federal rule allows "the next five days." We know, of course, that a local rule cannot trump the Federal Rules of Civil Procedure. However, the rule itself provides that "unless a court order provides otherwise . . ." the federal rule applies. Local rules are adopted by a court order signed by all active judges in this district and thus the local rule applies. The court in addition always has the authority to excuse untimely filings or actions and the court chooses to do so here. Tyson, to its credit, concedes that the five day limit is not jurisdictional and that the court may consider plaintiffs' objections. Now, therefore,

IT IS ORDERED, as follows:

1) Transcript fees and videotaping expenses for witnesses who did not testify at trial in the total amount of $3,266.40 are disallowed and the objections of the plaintiffs at Doc. 1125 are sustained, in part.

2) Airfare expenses in the amount of $1,885.41 for witness Hausman will be allowed and the objections of the plaintiffs at Doc. 1125 are overruled, in part.

Dated this 9th day of December, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)

2